**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ROBERT SALOMON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| FAMILY FIRST LIFE, LLC, a Delaware limited liability company, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1.     Plaintiff Robert Salomon brings this Class Action Complaint against Defendant Family First Life, LLC to stop Defendant's practice of placing telemarketing calls to numbers on the National Do Not Call Registry.

2.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

3.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

## PARTIES

4.     Plaintiff Robert Salomon is a natural person.

5.     Defendant First Family Life is a limited liability company organized and existing under the laws of the State of Delaware whose primary place of business and corporate headquarters is located at 80 Norwich-New London Tpke, Uncasville, Connecticut 06382.

## JURISDICTION & VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action raises a question of federal law under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute.

7.     This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant solicits significant business in this District, resides and is

headquartered in this District, has entered into business contracts in this District, and a substantial part of the events or omissions giving rise to the claim occurred in or emanated from this District.

## COMMON ALLEGATIONS OF FACT

8.    First Family Life is a life insurance company headquartered in Connecticut.

9.    Unfortunately for consumers, First Family Life makes telemarketing calls to individuals on the National Do Not Call Registry.

10.    Defendant places these calls without consumers' prior express consent, written or otherwise, in violation of the TCPA.

11.    Indeed, the Defendant has previously been sued for violations of the TCPA in this Court.

12.    Despite that, the Plaintiff continued their telemarketing practices

## FACTS SPECIFIC TO PLAINTIFF

13.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14.    Plaintiff's telephone number, (209) XXX-5429, is a non-commercial telephone number not associated with any business.

15.    Plaintiff's telephone number, (209) XXX-5429, is used for personal residential purposes.

16.    Plaintiff's telephone number, (209) XXX-5429, has been listed on the National Do Not Call Registry since November 2022.

17.    Plaintiff has never been a First Family customer and never consented to receive calls from First Family.

18.     Despite this, the Plaintiff received at least two telemarketing calls from the Defendant on January 19, 2023.

19.     Both calls were from the Caller ID, (850) 944-0544.

20.     Both calls followed a similar script, which advertised that they were calling for Family First.

21.     They asked the Plaintiff what his age was and if he was looking for insurance.

22.     The Plaintiff was not and terminated the call.

23.     Despite this, the Plaintiff got the same call about an hour later.

24.     During the second call, the Plaintiff got the name of the Defendant's employee that she was talking to, which was Ashley Pennymen.

25.     Both of the calls attempted to sell the Defendant's life insurance services.

26.     By making or causing to made unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, wear and tear on consumer telephones, consumption of battery life, lost cellular minutes, loss of value realized for their wireless service plans, and the diminished use, enjoyment, value, and utility of their telephone plans and equipment.

27.     To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals defined below, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to telephones.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

29.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

30.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

31.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

32.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34.     The Class, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

35.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

36.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

37.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

38.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

39.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

      a.     Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

      b.     Whether Defendant's conduct constitutes a violation of the TCPA; and

      c.     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

41.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

42.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

43.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

44.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

45.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

47.     Defendant's violations were negligent, willful, or knowing.

48.     As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

49.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## I.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.      Such other relief as the Court deems just and proper.